IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 13-00735 LEK |
| | ) | CV. NO. 14-00301 LEK-BMK |
| Plaintiff, | ) | CV. NO. 14-00302 LEK-BMK |
| | ) | |
| vs. | ) | |
| | ) | |
| GERARD K. PUANA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**SEALED BY ORDER OF THE COURT**

**ORDER DENYING DEFENDANT'S MOTION FOR
RECONSIDERATION OF ORDER DENYING DEFENSE
<u>COUNSEL'S REQUEST TO SHARE CONFIDENTIAL RECORDS</u>**

Before the Court is Defendant Gerard K. Puana's ("Defendant") Motion for Reconsideration of Order Denying Defense Counsel's Request to Share Confidential Records ("Motion"), filed on August 22, 2014. [Dkt. no. 166.[1]] Plaintiff the United States of America ("the Government") filed its memorandum in opposition on August 27, 2014, and Defendant filed his reply on August 29, 2014. [Dkt. nos. 169, 176.] On September 5, 2014, third party KK, whose confidential medical records were at issue in the underlying order, also filed a memorandum in opposition to the Motion.[2] [Dkt. no. 182.] The Court finds this matter

---

[1] Although all documents referred to in this Order are also available on the sealed dockets, CV 14-00301 LEK-BMK and CV 14-00302 LEK-BMK, for ease the Court refers solely to the main criminal docket in this case.

[2] The Court's entering order issued on August 25, 2014 gave a due date of September 5, 2014 for the "memorandum in opposition." Although KK is not a party to the action and her
(continued...)

suitable for disposition without a hearing pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Defendant's Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

On August 19, 2014, this Court held a status conference to hear arguments and take up issues raised in the following letters: from defense counsel, dated July 31, 2014 (dkt. no. 137), August 4, 2014 (dkt. no. 139), August 6, 2014 (dkt. no. 153), and August 7, 2014 (dkt. nos. 154, 155); from counsel for KK, dated August 1, 2014 (dkt. no. 138), and August 8, 2014 (dkt. no. 157); and from the Government, dated August 7, 2014 (dkt. no. 156), and August 11, 2014 (dkt. no. 158). At the status conference, the Court considered, *inter alia*, defense counsel's requests to share the confidential medical and employment records of KK with a medical expert for analysis. [Dkt. no. 137.]

On August 20, 2014, this Court issued an entering order denying that request ("8/20/14 EO"). [Dkt. no. 163.] The Court concluded:

Consistent with this Court's previous orders,

---

[2](...continued)
memorandum came after Defendant's reply, the memorandum was technically timely and proper.

> defense counsel may not share these records with anyone beyond his trial team, *e.g.*, trial counsel, paralegals and support staff, or use the records in open court unless and until defense counsel has properly laid a foundation as to their relevance outside the presence of the jury. See, e.g., dkt. nos. 112-13 (sealed EOs filed 7/10/14).  The Court does not consider defense counsel's retained experts to be part of the "trial team."  Thus, the Court DENIES the request to share documents at this time.

[Id.]  The Motion challenges this conclusion.

## DISCUSSION

In order to obtain reconsideration, a motion for reconsideration "must accomplish two goals.  First, [it] must demonstrate reasons why the court should reconsider its prior decision.  Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  See Davis v. Abercrombie, Civil No. 11-00144 LEK-BMK, 2014 WL 2468348, at *2 (D. Hawai`i June 2, 2014) (citation and internal quotation marks omitted).  This district court recognizes three circumstances where it is proper to grant reconsideration of an order: "(1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice."  Tierney v. Alo, Civ. No. 12-00059 SOM/KSC, 2013 WL 1858585, at *1 (D. Hawai`i May 1, 2013) (citing School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th

Cir. 1993)); see also Local Rule LR60.1.[3]  While not explicit, Defendant appears to bring the Motion pursuant to the third category - that the Court committed clear error or it must reconsider its decision to prevent manifest injustice.

In essence, Defendant argues that, since he has the right to have an expert examine contested evidence, and he has a constitutional right to control his defense, he therefore has an unmitigated right to show KK's confidential medical records to his retained medical expert.  However, the cases that Defendant relies heavily on – Ake v. Oklahoma, 470 U.S. 68, 83 (1985); Barnard v. Henderson, 514 F.2d 744, 746 (5th Cir. 1975); and Doe v. Gill, No. C 11-04759 CW (LB), 2012 WL 1038655 (N.D. Cal. Mar. 27, 2012) – do not support his position, let alone provide a sufficient basis for the Court to reconsider the 8/20/14 EO.

First, the Court agrees with the Government, see Govt.'s Mem. in Opp. at 1-2, that nothing in this case has triggered an Ake right for Defendant.  In Ake, a capital case, the United States Supreme Court held that, where a Defendant's sanity at the time of the alleged offense is a "significant factor at trial," the Defendant has a right to assistance of a competent psychiatrist.  470 U.S. at 83.  Quite simply,

---

[3] Local Rule 60.1 "also applies to motions for reconsideration in criminal cases." United States v. Williams, CR No. 06-00079 DAE, 2007 WL 1294519, at *3 (D. Hawai`i Apr. 30, 2007) (citation omitted).

4

Defendant's sanity is not at issue in this case, and finding that Defendant has a constitutional right for an expert to evaluate a witness's competency would extend Ake beyond recognition.[4]

Similarly, Barnard is not applicable here.  In Barnard, the Fifth Circuit Court of Appeals reversed the denial of a petition for habeas corpus, in part, because the state trial court judge in a capital case failed to order the prosecution to permit access to the purported murder weapon and bullet to the defense for expert examination.  514 F.2d at 746.  While the Court appreciates Defendant's creative analogy, KK's mind is simply not akin to the murder weapon in Barnard.  Further, unlike Barnard, the Court has not denied all access to the medical records or a medical expert, or even, review of the medical records by the expert upon a proper foundation.  Defense counsel has the confidential health records in his possession and may retain an expert, if he so chooses; and the Court may even permit the expert to view the records should that testimony become

---

[4] Nor is Brooks v. Tennessee, which recognized the right to "the guiding hand of counsel at every step in the **proceedings** against him," 406 U.S. 605, 612 (1972) (emphasis added) (citation and quotation marks omitted), applicable here.  The Court notes, as KK argues in her memorandum in opposition, see e.g., KK's Mem. in Opp. at 2, that the trial is still months away, and competency of witnesses is an issue for trial.  See Fed. R. Evid. 601 ("Every person is competent to be a witness unless these rules provide otherwise.").

relevant at trial, or upon a proper showing.[5]

Finally, nothing in Gill undermines the 8/20/14 EO. In Gill, representatives of the decedent's estate brought an excessive force claim against a police department and its officers for the death of an unarmed woman, and argued that the department engaged in a coverup. 2012 WL 1038655, at *1-3. To that end, in a discovery order, the magistrate judge required the production of personnel files related to all complaints for misconduct or excessive force against the officers. Id. at *4. Gill does not address the issues here.

First, while the records may have been confidential to the police force, they related to professional job duties of the police (not personal medical files), which implicated a body of case law recognizing that such records must be produced where they are central to an investigation. See id. at *3-4 (citing multiple cases related to that narrow issue). Further, while the protective order that the magistrate judge suggested accompany production of the police records would have included access to experts, the issue of expert assessment was not addressed in the

---

[5] Also, in Barnard, the prosecution's case relied on expert examination of the firearm and ballistics. While Defendant argues that the Government intends to call a medical expert regarding KK's competency and medical records, the Government affirmatively stated at the hearing and in its memorandum in opposition, see Govt.'s Mem. in Opp. at 4-5, it has no intention of doing so, unless it becomes necessary to rebut **Defendant's** expert.

6

opinion. See id. at *4. Defendant's cases simply do not support access of these medical records in this case to Defendant's expert prior to defense counsel properly laying a foundation as to relevance.

      This Court recognizes that it has the power to issue a protective order that could allow access of the medical records to defense experts.[6] See Mem. in Supp. of Motion at 6 (citing United States v. Patkar, 2008 WL 233062, at *2 (D. Haw. Jan. 28, 2008)). It has chosen not to do so in this case. This Court has already found that expert review of the **witness's** confidential records is not necessary **at this point**, and the Court has put in place a process by which Defendant might show in the future that such examination is necessary. Defendant simply appears to disagree with that process. See Davis, 2014 WL 2468348, at *3 n.4 ("Mere disagreement with a previous order is an insufficient basis for reconsideration." (citations and internal quotation marks omitted)). The Court DENIES the Motion.

## CONCLUSION

      On the basis of the foregoing, Defendant's Motion for Reconsideration of Order Denying Defense Counsel's Request to Share Confidential Records, filed August 22, 2014, is HEREBY DENIED.

---

[6] It also recognizes that, under certain circumstances, some courts include "experts" as part of the "defense team."

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 29, 2014.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**UNITED STATES OF AMERICA VS. GERARD K. PUANA; CR. NO. 13-00735 LEK; CV. NO. 14-00301 LEK-BMK; CV. NO. 14-00302 LEK-BMK; ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER DENYING DEFENSE COUNSEL'S REQUEST TO SHARE CONFIDENTIAL RECORDS**

8